VENABLE LLP
Daniel S. Silverman (SBN 137864)
  dssilverman@venable.com
Matthew M. Gurvitz (SBN 272895)
  mmgurvitz@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile:  (310) 229-9901

Attorneys for Defendant
STAGES OF BEAUTY, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LOPEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>STAGES OF BEAUTY, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 3:17-cv-01888-MMA-KSC<br><br>Hon. Michael M. Anello<br>Courtroom 3D, 3rd Floor<br><br>**CLASS ACTION**<br><br>**DEFENDANT STAGES OF BEAUTY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing:<br>Date:       January 29, 2018<br>Time:       2:30 p.m.<br><br>Action Filed:    September 14, 2017<br>Trial Date:      None set |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................1

II.  STATEMENT OF FACTS .....................................................................2

     A.   The Parties ..................................................................................2

     B.   Plaintiff's Allegations And Causes Of Action ...........................2

III. LEGAL STANDARD ...........................................................................4

IV.  ARGUMENT ........................................................................................5

     A.   Plaintiff Lacks Article III Standing To Pursue His Claims ...............5

     B.   There Is No Private Right Of Action Under The California Automatic Renewal Statute ........................................................7

          1.   The Plain Language Of The ARL Statute Does Not Provide A Private Right Of Action ...........................................7

          2.   The Legislative History Also Supports The Conclusion That The ARL Does Not Provide A Private Right Of Action ............................................................................9

     C.   Defendant Complies With The California Automatic Renewal Statute ...................................................................................10

          1.   Defendant's Pre-Transaction Disclosures Comply With The Statute ................................................................10

               a.   Defendant Provided The "Automatic Renewal Offer Terms" ...........................................................11

               b.   Defendant Provided The Automatic Renewal Terms In A Clear and Conspicuous Manner And In Visual Proximity To The Request For Consent ..........12

          2.   Defendant Obtained Affirmative Consent Of The Automatic Renewal Program Prior To Transaction ...............13

          3.   Defendant Sent Plaintiff A Code Compliant Post-Transaction Acknowledgement Along With The Product .....14

     D.   At Minimum, Defendant Is Entitled To The Safe Harbor In The ARL For Its' Good Faith Efforts ........................................15

     E.   Plaintiff Cannot Sustain His UCL Cause Of Action ........................16

          1.   Plaintiff Did Not Lose Money Or Property As A Result Of Defendant's Alleged Conduct ..........................................16

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

i

2.     Defendant's Conduct Was Neither Unlawful Nor Unfair ......18

V.     CONCLUSION ............................................................................19

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 4

*Bardin v. DaimlerChrysler Corp.*,
    136 Cal. App. 4th 1255 (2006) ................................................................... 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 4

*Californians for Disability Rights v. Mervyn's, LLC*,
    39 Cal. 4th 223 (2006) ............................................................................... 16

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ............................................................................... 18

*Fields v. Wise Media, LLC*,
    2013 WL 3187414 (N.D. Cal. June 21, 2013) ............................................ 8

*Hall v. Time Inc.*,
    158 Cal. App. 4th 847 (2008) ..................................................................... 17

*Hana Fin., Inc. v. Hana Bank*,
    500 F. Supp. 2d 1228 (C.D. Cal. 2007) ...................................................... 4

*In Re Tobacco II Cases*,
    46 Cal. 4th 298 (2006) ............................................................................... 17

*Jamison v. Bank of Am., N.A.*,
    194 F. Supp. 3d 1022 (E.D. Cal. 2016) ...................................................... 5

*Johnson v. Federal Home Loan Mortg. Corp.*,
    793 F.3d 1005 (9th Cir. 2015) ................................................................... 13

*Johnson v. Pluralsight, LLC*,
    236 F. Supp. 3d 1176 (E.D. Cal. 2017) ............................................. 8, 9, 17

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................... 18

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

i

*Kissel v. Code 42 Software, Inc.*,
  2016 WL 7647691 (C.D. Cal. Apr. 14, 2016).................................................. 10

*Kissel v. Omega Natural Science, Inc.*,
  2016 WL 9019613 (C.D. Cal. Aug. 22, 2016) ............................................... 5, 6

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011)................................................................................ 16, 17

*Law Offices of Mathew Higbee v. Expungement Assistance Servs.*,
  214 Cal. App. 4th 544 (2013) ........................................................................... 16

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ..................................................................... 18, 19

*Lu v. Hawaiian Gardens Casino, Inc.*,
  50 Cal. 4th 592 (2010) ................................................................................... 7, 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................... 4, 5

*Mezzadri v. Medical Depot, Inc.*,
  2015 WL 12572619 (S.D. Cal. Feb. 12, 2015) ................................................ 18

*Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
  2016 WL 4886933 (S.D. Cal. Sept. 15, 2016) ................................................... 5

*Noe v. Superior Court*,
  237 Cal. App. 4th 316 (2015) ............................................................................. 8

*Pirozzi v. Apple, Inc.*,
  966 F. Supp. 2d 909 (N.D. Cal. 2013).............................................................. 18

*Roz v. Nestle Waters N. Am., Inc.*,
  2017 WL 132853 (C.D. Cal. Jan. 11, 2017)................................................... 8, 9

*Smith v. State Farm Mutual Auto. Ins. Co.*,
  93 Cal. App. 4th 700 (2001) ............................................................................. 18

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ............................................................................... 1, 5, 6

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ........................................................................................... 5

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

ii

*Thurman v. Bayshore Transit Mgmt., Inc.*,
   203 Cal. App. 4th 1112 (2012) ........................................................... 7

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .............................................................. 4

**Statutes**

Bus. & Prof. Code § 17200 ....................................................................... 4

Bus. & Prof. Code § 17204 ................................................................. 8, 16

Bus. & Prof. Code § 17600 ....................................................................... 1

Bus. & Prof. Code § 17601 ............................................................... 11, 12

Bus. & Prof. Code § 17602 ............................................................. *passim*

Bus. & Prof. Code § 17604 ............................................................. *passim*

**Other Authorities**

Fed. R. Civ. Proc. 12(b)(1) ...................................................................... 4

Fed. R. Civ. Proc. 12(b)(6) ...................................................................... 4

U.S. Constitution Article III ...................................................... *passim*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## I.      __INTRODUCTION__

Plaintiff Matthew Lopez's Complaint is fatally deficient.  Plaintiff lacks standing to pursue his claims and, regardless, has failed to state a claim under any cause of action.  In short, Plaintiff alleges that Defendant Stages of Beauty, LLC ("Stages of Beauty") failed to comply with California's Automatic Renewal Law (Cal. Bus. & Prof. Code §§ 17600 *et seq.*) ("ARL") and, therefore, sustained damage.  However, the allegations are belied by the illustrations in the Complaint, which demonstrate Defendant's compliance with the law.  Accordingly, the Complaint is subject to dismissal for the following four reasons.

*First*, Plaintiff lacks Article III standing to pursue his claims because his asserted technical violation of the ARL, without more, is insufficient under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

*Second*, the ARL does not provide a private right of action.  Thus, Plaintiffs' First, Second, and Third causes of action must be dismissed as a matter of law.

*Third*, Defendant's pre-transaction and post-transaction disclosures comply with all of ARL's requirements.  With respect to the pre-transaction disclosures, Defendant discloses the terms of its automatic renewal program in a clear and conspicuous manner before the subscription is fulfilled, and in visual proximity to the place where customers must consent to the offer.  Defendant also obtains customers' affirmative consent to the automatic renewal program before charging the customers' credit card.  The illustration on page 6 of the Complaint confirms such compliance.

Defendant also provides a post-sale acknowledgement of the automatic renewal program in a manner than can be retained by the consumer.  Defendant sends a series of emails to the customer following purchase.  Defendant also sends an insert with the product itself containing the complete details, which the customer may retain as long as they wish.  At the very least, Defendant's actions fall within the "good faith" safe harbor of the ARL, exempting it from any liability.

1

*Fourth*, Plaintiff has failed to state a claim under the California Unfair Competition Law, Bus. & Prof. Code § 17200 ("UCL"). Just as with Article III, Plaintiff's allegation of a technical statutory violation is insufficient to confer him with standing to pursue a UCL claim. Also, because Defendant complies with the ARL, Plaintiff cannot sustain a UCL claim regarding that same alleged conduct.

## II.  STATEMENT OF FACTS

### A.  The Parties

Stages of Beauty sells cosmetics, beauty aid and related products primarily through its website. Compl., ¶ 17. For many of the products Defendant sells, customers may sign up for a recurring subscription service where the consumer is charged on a periodic basis for delivery of the same product. Compl., ¶ 17.

Plaintiff is a citizen of California who allegedly purchased a subscription plan from Defendant. Compl., ¶8. Plaintiff does not allege what product he purchased, when he purchased that product and/or subscription plan, whether he attempted to cancel his subscription but was unable to do so, if he actually cancelled his subscription, or whether he was shipped and paid for products he did not want. Based on the images reproduced in the Complaint, it appears Plaintiff purchased "Adaptive Tripeptide Serum 15mL" and the "Beauty Manual eBook." Compl., p. 9. Plaintiff purports to represent all persons in California who purchased subscriptions from Defendant from September 2013 to present. Compl, ¶ 22.[1]

### B.  Plaintiff's Allegations And Causes Of Action

Plaintiff claims that whenever he purchased the unidentified products from Defendant, Defendant's website failed to adequately provide the disclosures required by the ARL. Compl., ¶¶ 18-21. First, Plaintiff alleges that Defendant failed to provide adequate pre-purchase disclosures of the automatic renewal offer

---

[1] Plaintiff's Complaint erroneously alleges a nationwide class in Paragraph 1.

2

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

terms and conditions.  Compl., ¶ 18.  "Specifically, although the page references cancellation and gives a phone number for cancellation, it does not specify, as do terms set forth later in the website, that that number must be called at least one day prior to the date the subscriber's next monthly delivery ships, and thus does not contain a full description of the cancellation policy in visual proximity to the request for consent to the offer…."  *Id.*  The Complaint then includes a picture of the pre-transaction disclosure, which contains all of the terms and conditions of the automatic renewal program.  Compl., at p. 6.

Second, Plaintiff alleges that because the pre-transaction disclosure does not identify when Plaintiff must effectuate the cancellation, Defendant did not properly obtain Plaintiff's affirmative consent to the automatic renewal program.  Compl., ¶ 19.  However, it is clear from *Plaintiff's own illustration* that Plaintiff intentionally and affirmatively checked a box identifying all of the terms and conditions of Defendant's auto renewal program before he was permitted to complete the transaction.  Compl., p. 6.

Third, Plaintiff alleges that Defendant failed to provide an appropriate post-sale acknowledgement of the terms and conditions of the automatic renewal program.  Compl., ¶ 21.  Again, Plaintiff claims that the post-sale acknowledgement does not explicitly identify when Plaintiff must cancel his subscription.  *Id.*  Plaintiff then includes four separate communications whereby Defendant transmits information regarding Plaintiffs purchase.  Compl., pp. 8-11.

However, Plaintiff conveniently omitted the disclosure that accompanied the product, which describes the entirety of the automatic renewal program terms and conditions.  Request for Judicial Notice ("RJN"), Ex. A.

Based on these allegations, Plaintiff has asserted four causes of action against Defendant: (1) violation of Bus. & Prof. Code § 17602(a)(1) ("Pre-Transaction Disclosure"); (2) violation of Bus. & Prof. Code § 17602(a)(2) ("Affirmative Consent"); (3) violation of Bus. & Prof. Code § 17602(a)(3)

1  ("Acknowledgement"); and (4) violation of the UCL.  Compl., ¶¶ 32-53.  Plaintiff

2  seeks restitution and injunctive relief on behalf of himself and a putative class of

3  all purchasers in the United States.  Compl., Prayer for Relief.

4  **III.  LEGAL STANDARD**

5        Federal Rule of Civil Procedure 12(b)(6) requires dismissal for failure to

6  state a claim upon which relief can be granted.  "Dismissal can be based on the

7  lack of a cognizable legal theory or the absence of sufficient facts alleged under a

8  cognizable legal theory." *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228,

9  1232 (C.D. Cal. 2007) (internal quotation marks omitted).  To survive a motion to

10  dismiss under 12(b)(6), "[f]actual allegations must be enough to raise a right to

11  relief above the speculative level" and the complaint must include "enough facts to

12  state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

13  U.S. 544, 555, 570 (2007).  Threadbare recitals of elements of a cause of action,

14  supported by mere conclusory statements, do not suffice," nor do "unadorned, the-

15  defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662,

16  678 (2009).

17        A party may also file a motion to dismiss with the Court for lack of subject

18  matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  An Article III federal court must ask

19  whether a plaintiff has suffered sufficient injury to satisfy the "case or

20  controversy" requirement of Article III of the U.S. Constitution. *See Lujan v.*

21  *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A suit brought by a plaintiff

22  without Article III standing is not a "case or controversy," and an Article III

23  federal court lacks subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242

24  (9th Cir. 2000).

25

26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## IV.   ARGUMENT

### A.   Plaintiff Lacks Article III Standing To Pursue His Claims

To assert a claim in federal court, a plaintiff must allege facts demonstrating, among other things, that he suffered a concrete "injury in fact" fairly traceable to the defendant's alleged misconduct. *Lujan*, 504 U.S. at 560. The United States Supreme Court recently clarified that a technical violation of a statute, standing alone, is not an injury in fact. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The Court explained: "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."). Accordingly, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549.

Following *Spokeo*, numerous courts in the Ninth Circuit have dismissed complaints that allege similar violations of disclosure requirements as Plaintiff alleges here. *See, e.g., Jamison v. Bank of Am., N.A.,* 194 F. Supp. 3d 1022, 1028 (E.D. Cal. 2016) ("a procedural violation of the TILA requirements for payoff statements does not inherently establish concrete harm."); *Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 4886933, at *5 (S.D. Cal. Sept. 15, 2016) (even assuming there was a technical violation of the CIPA in failure to notify phone call being recorded, plaintiff's allegations that he would not have consented to the phone call being recorded is insufficient to confer standing).

In fact, Judge Wu of the Central District of California recently dismissed identical claims for alleged violations of California's Automatic Renewal Law and California's UCL on the ground that the plaintiff lacked standing under *Spokeo*. *Kissel v. Omega Natural Science, Inc.*, No. 16-CV-2770-GW(SKx), 2016 WL

5

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

9019613, at * 3-4 (C.D. Cal. Aug. 22, 2016).  In *Kissel*, the plaintiff alleged that the defendant's post-sale disclosure failed to comply with California's ARL requirements.  *Id.* at * 1.  The plaintiff also alleged that the post-sale acknowledgement failed to provide information regarding canceling the subscription and failed to provide plaintiff an opportunity to cancel.  *Id.*  The court held that the plaintiff lacked standing under Article III because she failed to allege how she suffered concrete injury from the technical violation.  *Id.* at *3.

Plaintiff here suffers from the same fatal flaw.  The Complaint does not so much as refer to standing, much less allege facts purporting to establish an actual injury.  The only injury Plaintiff purports to have suffered is Defendant's alleged violation of the ARL's requirement that businesses provide pre and post-sale disclosures setting out the terms of the automatic renewal offer and describing the cancellation process.  Bus. & Prof. Code § 17602(a); Compl. ¶¶ 2, 17-21.

The ARL's notice provisions are precisely the kind of procedural requirements that the Supreme Court has made clear does not, in and of itself, give rise to Article III standing.  *Kissel*, 2016 WL 9019613, at * 3-4; *see also Spokeo*, 136 S. Ct. at 1549.  Like a consumer reporting agency reporting inaccurate information about someone's zip code, it is "difficult to imagine" how the mere failure to receive an acknowledgement under the ARL "could work any harm."  *Spokeo*, 136 S. Ct. at 1549.  Unsurprisingly, therefore, Plaintiff does not even try to make that showing.  The complaint does not purport to allege that Defendants' supposed violation of the ARL requirements caused Plaintiff any actual harm or exposed him to a "risk of real harm."  *Id.*  Nor could she.  *See, infra,* Section IV.E.1.  He instead alleges merely a "bare procedural violation," which does not "satisfy the demands of Article III."  *Spokeo*, 136 S. Ct. at 1549.  Because Plaintiff did not suffer any cognizable "injury in fact" as a result of Defendant's alleged statutory violation, he lacks standing, and his complaint must be dismissed with prejudice.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**B.** **There Is No Private Right Of Action Under The California Automatic Renewal Statute**

No private right of action exists under a statute unless the Legislature has manifested an affirmative intent to create one, as revealed through the statutory language and legislative history. *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (citations omitted). "[T]he statutory language or legislative history [must] affirmatively indicate[] such an intent" either expressly or by strong implication. *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1131–32 (2012) (citations and quotation marks omitted). Courts examine the statute's language first, "as it is the best indicator of whether a private right to sue exists." *Lu*, 50 Cal. 4th at 603. "[C]lear, understandable, unmistakable terms" in a statute "strongly and directly indicate" legislative intent to confer a private right of action. *Id.* at 597 (citations omitted). If the statute does not contain such express language, but contains "provisions [that] create some ambiguity," then the court may look to the statute's legislative history "for greater insight." *Id.* at 598. Here, both inquiries point to the same conclusion.

          1.    The Plain Language Of The ARL Statute Does Not Provide A Private Right Of Action

Plaintiff's cause of action brought directly under the ARL fails as a matter of law because the statute does not authorize a private right of action. Section 17602 is the operative provision of the statute. It states simply that "[i]t shall be unlawful for any business" to engage in certain practices related to automatic renewal programs. Bus. & Prof. Code § 17602. While that section goes on to describe in detail the practices that are "unlawful," nothing in its text suggests that a private party has a right under the statute itself to bring a claim to recover for those unlawful practices. *Id.*

Instead, the Legislature confined its discussion of remedies to Section 17604, which says only that "all available civil remedies that apply to a violation

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

of this article may be employed." *Id.* at § 17604.  This is plainly a reference to existing civil remedies, rather than a provision designed to create a brand new private right of action.  Courts have found "[t]his statement, the only language in the statute specifically addressing remedies, certainly does not create a new cause of action for private parties by its express terms." *Roz v. Nestle Waters N. Am., Inc.*, 2017 WL 132853, at *5 (C.D. Cal. Jan. 11, 2017).  It means simply that a plaintiff injured by a violation of the statute may invoke an existing remedial statute, such as the UCL, to enforce a violation of the ARL.  *See Fields v. Wise Media, LLC,* 2013 WL 3187414, at * 5 (N.D. Cal. June 21, 2013) (Section 17600 claim brought pursuant to the UCL).  "No provision within [ARL] either explicitly or implicitly supports any legislative intent to create a private cause of action." *Johnson v. Pluralsight, LLC*, 236 F. Supp. 3d 1176, 1181 (E.D. Cal. 2017), *appeal docketed*, No. 17-15374 (9th Cir. 2017).

Indeed, there is a striking contrast between the language of Section 17604 and that of statutes that *do* create a private civil cause of action.  For example, the Legislature unambiguously vested a right to sue in those harmed by violations of the UCL: "[a]ctions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction ... by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Bus. & Prof. Code § 17204.  These are the sort of "clear, understandable, unmistakable terms" that indicate legislative intent to create a private right of action.  *Lu,* 50 Cal. 4th at 597.

By contrast, statutory language like that of the ARL, which contains "no language suggesting a private plaintiff may bring a direct action," does not manifest the requisite legislative intent to allow such claims.  *Noe v. Superior Court,* 237 Cal. App. 4th 316, 337-39 (2015) (no private right of action created by Labor Code section that "describes the prohibited conduct" and "provides for a

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   'civil penalty' [but] contains no language suggesting the penalty is recoverable

2   directly by employees").

3          2.     The Legislative History Also Supports The Conclusion That

4                 The ARL Does Not Provide A Private Right Of Action

5   The legislative history of the ARL contains the following discussion:

6   [3. Remedies available under the bill]

7

8   Senate Bill 340 would provide that a violation of its provisions would not be
    a crime, but *all applicable civil remedies would be available*.

9

10  Under the FAA [False Advertising Act], any person who violates any
    provision of the FAA is liable for a civil penalty not to exceed $2,500 for

11  each violation that must be assessed and recovered in a civil action by the
    Attorney General or by any district attorney, county counsel, or city

12  attorney. Under the UCL [Unfair Competition Law], a private party may
    bring a civil action for injunctive relief and/or for restitution of profits that

13  the defendant unfairly obtained from that party. However, the party must
    have suffered an injury in fact and lost money or property.

14

15  *Johnson*, 236 F. Supp. 3d at 1182 (*quoting* Senate Judiciary Comm. Rep.)

16  (emphasis added).  This "discussion of existing enforcement mechanisms within

17  the Legislative history, coupled with the words 'all available' within § 17604(a),

18  strongly supports a Legislative intent to pursue causes of action for violations of

19  [ARL] under existing laws," such as the UCL.  *Id.*  Thus, the APRL "does not

20  create a private right of action. The Legislature intended for aggrieved consumers

21  to utilize existing laws to protect themselves from injuries related to automatic

22  renewal or continuous service offers."  *Id.*  Similarly, in *Roz*, 2017 WL 132853, at

23  *5, the court found the ARL "did not create a private right of action for private

24  parties injured by violations of the law.  Instead, the legislature expected

25  consumers to protect themselves by bringing suit under existing laws in the code

26  that had already created private rights of action."  *Id.*

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

9

Because a violation of ARL cannot itself serve as the basis for an independent cause of action, Plaintiff cannot bring a claim directly under that statute.  In addition, even if the ARL provides a private right of action (it does not), the same standing requirements would apply as under the UCL.  *See, e.g., Kissel v. Code 42 Software, Inc.*, 2016 WL 7647691, at * 7 (C.D. Cal. Apr. 14, 2016) (erroneously finding ARL confers a private right of action, but holding ARL claim must satisfy UCL's standing requirements).  Because plaintiffs lack standing for the reasons set forth in Section IV.B.1, the ARL claim also fails for this reason.

## C.   Defendant Complies With The California Automatic Renewal Statute

Even if the ARL did authorize direct civil claims, it is clear from the face of the Complaint that Defendant complies with the statute.  It provided exactly the kind of disclosures as required by the statute.  If there were any doubt, Defendant's extensive disclosures regarding the recurring nature of is subscription plan and the cancellation procedures applicable to that plan trigger the ARL's "good faith" provision, which protects Defendant from any "civil remedies."  Bus. & Prof. Code § 17604(b).

### 1.   Defendant's Pre-Transaction Disclosures Comply With The Statute

Pursuant to Cal. Bus. & Prof. Code § 17602(a)(1), a business seeking to enroll a consumer in an automatic renewal program must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity . . . to the request for consent to the offer."  Plaintiff does not dispute that the image depicted below was provided before his purchase, and thus, prior to fulfillment.  This portion of the statute requires that Defendant: (1) present the automatic renewal terms; (2) in a clear and conspicuous manner; and (3) in visual

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  proximity to the request for consent.  Defendant's pre-purchase disclosure,

2  depicted on page 6 of the Complaint, satisfies all of these requirements on its face.

3            a.    *Defendant Provided The "Automatic Renewal Offer*

4                  *Terms"*

5        California Business and Professions Code § 17601(b) defines what must be

6  disclosed as part of the "automatic renewal offer terms":

7    1.    That the subscription or purchasing agreement will continue until the

8          consumer cancels.

9    2.    The description of the cancellation policy that applies to the offer.

10   3.    The recurring charges that will be charged to the consumer's credit or

11         debit card . . . and that the amount of the charge may change, if that is

12         the case, and the amount to which the charge will change, if known.

13   4.    The length of the automatic renewal term of that the service is

14         continuous, unless the length of the term is chosen by the consumer.

15   5.    The minimum purchase obligation, if any.



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

Even a cursory review of Defendant's pre-transaction disclosures shows that all of this required information is disclosed.  In fact, the disclosure reproduced above (copied from Page 6 of the Complaint) identifies in *two separate locations* that Plaintiffs' subscription service will continue until cancelled, which meets the first requirement.  It also clearly discloses the cancellation policy – call the phone number provided to cancel – satisfying the second requirement.  The disclosure also provides that the consumer will be charged $79.99 plus $4.99 for shipping and handling once the trial period is over on a monthly basis until the consumer cancels – the third requirement.  The disclosure also identifies that the consumer will be continuously sent a 30-day supply until cancelled – the fourth requirement. Because there is no minimum purchase obligation, the fifth requirement is inapplicable.  Thus, Defendant's pre-transaction disclosure provides all of the information required by statute.

> **b.**  *Defendant Provided The Automatic Renewal Terms In A Clear and Conspicuous Manner And In Visual Proximity To The Request For Consent*

The ARL defines a "clear and conspicuous" disclosure as follows: "in larger type than the surrounding test, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner than clearly calls attention to the language."  Cal. Bus. & Prof. Code § 17601(c).  The ARL does not define what is considered visual proximity to the request for consent.

As clearly shown in the illustration above, the terms of Defendant's automatic renewal policy are set off from the remainder of the text, in the middle of the page, calling direct attention to its language.  The language also appear *before* the location where a customer is required to input their credit card information.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

Moreover, Defendant's website provides yet another disclosure directly adjacent to the box that consumers are required to click to accept the terms of the automatic renewal program.  As such, Plaintiff was clearly aware of the pre-transaction disclosures.  Considering the two disclosures in conjunction, Defendant's disclosure is made in visual proximity to the request for consent.  Accordingly, Defendant's pre-offer disclosure complies with the ARL requirements.

2.     Defendant Obtained Affirmative Consent Of The Automatic Renewal Program Prior To Transaction

Pursuant to Cal. Bus. & Prof. Code § 17602(a)(2), a business seeking to enroll a consumer in an automatic renewal program may not "charge the consumer's credit or debit card . . . for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms of continuous service offer terms."  Defendant's analysis regarding the pre-offer disclosure as discussed in Section IV.C.1 above is incorporated herein.  Given that Defendant provided adequate disclosures of the automatic renewal offer terms, the only question under this subsection is whether Defendant obtained affirmative consent.

Defendant requires every consumer to affirmatively check the box as depicted below before the consumer can complete any purchase.

☑ I understand that unless I cancel within 18 days, I will be sent a one-month supply of Adaptive Tripeptide Serum for just $79.99 + $4.99 S&H and applicable sales tax beginning 18 days from now and every 30 days thereafter.

Plaintiff's allegation that Defendant failed to obtain affirmative consent prior to enrolling him in the automatic renewal program (Compl., ¶ 19) lacks credulity and is belied by the illustration in his Complaint.  *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007-08 (9th Cir. 2015) ("we need not accept as true allegations contradicting documents that are referenced in the complaint.") (internal citation omitted).

13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

### 3. Defendant Sent Plaintiff A Code Compliant Post-Transaction Acknowledgement Along With The Product

Bus. & Prof. Code § 17602(a)(3) requires that a business "provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." It is evident from the complaint and the materials it references that Defendant provided the acknowledgement required by the ARL.

As Plaintiff acknowledges, after a purchase is completed, Defendant sends the customer a series of emails regarding the purchase and shipping information. Compl., pp. 8-11. Once the product arrives, the packaging contains a receipt that (once again) specifically identifies the terms of the automatic renewal program, including the phone number to cancel the subscription. RJN, Ex. A. In short, Defendant does exactly what the ARL's acknowledgment provision requires.

In suggesting otherwise, Plaintiff focuses narrowly on the email receipts that he received (Compl., pp. 8-11), completely ignoring the physical receipt accompanying the product. Plaintiff seems to believe that only information sent by email after a purchase is made is capable of serving as the "acknowledgment" mandated by Section 17602(a)(3). This misunderstands the law. The acknowledgment provision does not dictate the timing of the disclosure. The statute says that the acknowledgement requirement "*may* be fulfilled after completion of the initial order." Bus. & Prof. Code § 17602(d)(1) (emphasis added). This permissive language does not *require* a business to provide the acknowledgement after an order is completed. A business may equally comply with the statute by providing the acknowledgement beforehand, or through a combination of information provided both before and after the order is completed. That is what Defendant did. As explained above, Defendant provided customers with all the information required by Section 17602(a)(3) and 17602(b), both

14

through its website during the purchase process and through the physical receipts it sent along with the product.  The ARL requires nothing more.  Because Defendant complied with the acknowledgment provision, Plaintiff's claim fails and must be dismissed with prejudice.

### D.   At Minimum, Defendant Is Entitled To The Safe Harbor In The ARL For Its' Good Faith Efforts

The ARL contains a safe-harbor: "If a business complies with the provisions of this article in good faith, it shall not be subject to civil remedies."  Bus. & Prof. Code § 17604(b).  The obvious purpose of this provision is to protect businesses that make good faith efforts to comply with the ARL from lawsuits claiming that they fell short in some technical way.  The safe harbor applies here: it is clear from the complaint that Defendant acted in good faith to provide customers with the information that the ARL requires.

As shown above, Defendant's extensive disclosures tell customers exactly how and when they will be billed for an order and how they can cancel their subscriptions. This information is conspicuously presented in multiple places on Defendant's website and throughout the purchase process. *See, supra,* Section IV.C.  Through these detailed disclosures and acknowledgments, Defendant manifests its good faith in complying with the requirements of the ARL.

Defendant's efforts in informing its customers about the recurring nature of charges for the product and how they can cancel their subscriptions are clear at every turn. Not surprisingly, therefore, Plaintiff nowhere alleges that he was misled in any way by Defendant, that he did not understand that he would be charged each month for the product he was purchasing, or that he wanted to cancel but lacked the information to do so.  Nor could Plaintiff credibly allege otherwise.  Given the clear disclosures that Defendant made, it would not be plausible for Plaintiff to claim that he was confused or deceived about what he was buying, how he would be billed for it, or how he could cancel if that is what he wanted to do.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

This is precisely the scenario that the ARL's safe harbor was designed to address. The California Legislature did not intend for businesses that make good faith efforts to disclose and obtain consent for their automatic renewal terms to be subject to civil liability—particularly not from a claim brought by an individual who has not asserted and could not assert that he was actually deceived or harmed. As a matter of law, Defendant's efforts in this regard foreclose any civil claim against it.

### E.    **Plaintiff Cannot Sustain His UCL Cause Of Action**

Although the ARL does not itself create a private right of action, injured parties may seek to enforce the law through the UCL. Here, however, Plaintiff's UCL claim fails as a matter of law. First, Plaintiff lacks standing to sue under the UCL because he has not lost "money or property as a result of" Defendant's alleged violation. And even if Plaintiff could overcome the UCL's standing requirements, his claim fails on the merits: Defendant's conduct was neither unlawful nor unfair.

### 1.    Plaintiff Did Not Lose Money Or Property As A Result Of Defendant's Alleged Conduct

The UCL was amended in 2004 to put an end to longstanding abuses of the statute by "'prohibit[ing] private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact.'" *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006) (quoting Prop. 64, § 1, subd. (e) (2004)); *see also, e.g.*, *Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 547 (2013) (UCL has been "crafted to preclude the shakedown lawsuit"). To that end, a private claim under the UCL may be brought only by "a person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition." Bus. & Prof. Code § 17204 (emphasis added); *see Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322–23 (2011).

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

16

The reference to "injury in fact" incorporates the standing requirements imposed by Article III of the U.S. Constitution. *Kwikset*, 51 Cal. 4th at 322. Likewise, the phrase "as a result of" "imposes a causation requirement: the alleged unfair competition must have caused the plaintiff to lose money or property." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008); *see also In Re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2006) (UCL plaintiff must allege that the defendant's misrepresentations were "an immediate cause of the injury-producing conduct") (internal quotation marks and citation omitted).  Plaintiff cannot meet these requirements.

Even if he could somehow get past the Article III hurdle (*see, supra,* Section IV.A), it is clear that Plaintiff did not lose money or property as a result of Defendant's allegedly unlawful conduct.  The Complaint alleges merely that Plaintiff purchased a product from Defendant and that he did not receive adequate disclosures under the ARL.  Compl. ¶¶ 17-21.  These allegations do not create standing under the UCL.

Receiving supposedly inadequate disclosures (the sole basis for Plaintiff's claim against Defendant) is not an economic injury.  The complaint does not even try to assert that Plaintiff's failure to receive adequate disclosures caused him to lose money or property that he would have retained had the disclosures been different.  Nor does Plaintiff allege that he would have done anything differently had he received a more robust disclosure.  Further, Plaintiff does not allege that he wanted or attempted to cancel his automatic renewal program, but was unable to do so.  In short, Plaintiff has not alleged any injury, let alone an economic injury, and certainly not one caused by Defendant's alleged inadequate disclosures. *Johnson*, 236 F. Supp. 3d at 1183 (dismissing UCL claims for lack of standing because alleged violation of the ARL was insufficient to show economic harm).

In sum, even if the allegations in Plaintiff's Complaint are true, they do not establish that he suffered a loss of money or property as a result of Defendant's

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

17

1  allegedly inadequate disclosures.  Plaintiff thus lacks standing to bring any claim

2  under the UCL.

3         2.      <u>Defendant's Conduct Was Neither Unlawful Nor Unfair</u>

4        Even beyond his failure to allege standing, Plaintiff has no viable UCL claim

5  in this case.  The UCL prohibits three types of unfair competition; "[e]ach prong—

6  fraudulent, unfair, and unlawful—is independently actionable."  *Pirozzi v. Apple,*

7  *Inc.*, 966 F. Supp. 2d 909, 920 (N.D. Cal. 2013) (*citing Lozano v. AT&T Wireless*

8  *Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)); *Cel-Tech Commc'ns, Inc. v. L.A.*

9  *Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999).  Here, it is unclear under which

10  prong Plaintiff asserts claims, which is deficient in and of itself.  *Kearns v. Ford*

11  *Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (each prong of the UCL is a

12  separate and distinct theory of liability and are independent basis for relief); *see*

13  *also Mezzadri v. Medical Depot, Inc.*, 2015 WL 12572619, at * 2 n.1 (S.D. Cal.

14  Feb. 12, 2015) (each prong of the UCL should be a separate cause of action).

15        It appears, however, that Plaintiff is invoking the unlawful and unfairness

16  prongs of the UCL.  Compl. ¶ 49.  The basis for both claims is Defendant's alleged

17  violation of the ARL.  *Id.*  These claims fail as a matter of law.

18        The unlawful prong "borrows violations of other laws and treats them as

19  unlawful practices that the unfair competition law makes independently

20  actionable."  *Cel-Tech*, 20 Cal. 4th at 180 (citations omitted).  If there is no

21  violation of the predicate law serving as the basis for the "unlawful" claim, there

22  can be no actionable UCL claim.  *Smith v. State Farm Mutual Auto. Ins. Co.*, 93

23  Cal. App. 4th 700, 718 (2001); *see also Lazar v. Hertz Corp.*, 69 Cal. App. 4th

24  1494, 1505 (1999) (dismissing UCL "unlawful" claim for failure to state a claim

25  because the defendant's conduct did not violate the underlying law).  While a

26  plaintiff could in theory bring a UCL claim premised on a violation of the ARL,

27  that is not possible here.  In this case, as described in detail above, Defendant fully

28  complied with the ARL.  *See, supra,* Sections IV.C & D.  To the extent the Court

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  dismisses those claims for the reasons above, the Court must also dismiss
2  Plaintiff's "unlawful" claim under the UCL.  *Lazar*, 69 Cal. App. 4th at 1505.

3       The same problem dooms Plaintiff's invocation of the unfairness prong.
4  The only basis that the complaint even tries to offer for an unfairness claim is to
5  "tether" the claim to the ARL.  Compl. ¶ 49 ("The public policy which is a
6  predicate to a UCL action under the unfair prong of the UCL is tethered to a
7  specific statutory provision.").  Under this approach, courts require that the UCL
8  claim "be tethered to specific constitutional, statutory, or regulatory provisions."
9  *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260–61 (2006)
10  (citation omitted). Here, however, any tethering theory fails because there is no
11  underlying violation of the ARL.  Defendant simply did not violate any of the
12  ARL's requirements.   Plaintiff thus has no claim under the UCL's unlawful prong.

13       Finally, even putting all that aside, Defendant's good-faith efforts to comply
14  with the ARL by providing clear and detailed information about the recurring
15  charges and cancellation process trigger the statute's safe-harbor provision
16  (Section 17604(b)).  *See, supra,* Section IV.C.3.  That means that Defendant "shall
17  not be subject to civil remedies," including any claim under the UCL.

18  **V.**   **CONCLUSION**

19       Based on the foregoing, Defendant respectfully requests that the Court
20  dismiss Plaintiff's entire Complaint with prejudice.

22  Dated:  December 11, 2017

VENABLE LLP
Daniel S. Silverman
Matthew M. Gurvitz

By:  /s/ Daniel S. Silverman
     Daniel S. Silverman
Attorneys for Defendant
STAGES OF BEAUTY, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I declare under penalty of perjury that the foregoing is true and correct.

By:  /s/ Daniel S. Silverman
Daniel S. Silverman
DSSilverman@Venable.com

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS THE COMPLAINT
CASE NO. 3:17-cv-01888-MMA-KSC