VENABLE LLP
Daniel S. Silverman (SBN 137864)
  dssilverman@venable.com
Bety Javidzad (SBN 240598)
  bjavidzad@venable.com
Matthew M. Gurvitz (SBN 272895)
  mmgurvitz@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
STAGES OF BEAUTY, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LOPEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STAGES OF BEAUTY, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 3:17-cv-01888-MMA-KSC<br><br>Hon. Michael M. Anello<br>Courtroom 3D, 3rd Floor<br><br>**CLASS ACTION**<br><br>**DEFENDANT STAGES OF BEAUTY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing:<br>Date: January 29, 2018<br>Time: 2:30 p.m.<br><br>Action Filed: September 14, 2017<br>Trial Date: None set |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................1

II. ARGUMENT ........................................................................................2

    A. Plaintiff's Complaint Should Be Dismissed For Lack of Standing ........................................................................................2

    B. Plaintiffs' First, Second, and Third Causes of Action Under the ARL Must be Dismissed as a Matter of Law........................................5

        1. There is No Private Right of Action under the ARL................5

        2. Defendant's Pre-Transaction and Post-Transaction Disclosures Comply with All of ARL's Requirements............8

        3. At Minimum, Defendant is Exempted From Liability Under the "Good Faith" Safe Harbor of the ARL ......................9

    C. Plaintiff Has Failed to State a Claim Under the UCL ......................10

III. CONCLUSION ...................................................................................10

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Californians for Disability Rights v. Mervyn's, LLC*,
   39 Cal. 4th 223, 228 (2006) ................................................................................ 2

*Fields v. Wise Media, LLC*,
   2013 WL 3187414, at *5 (N.D. Cal. June 21, 2013) ........................................... 6

*In re Trilegiant Corporation*,
   11 F. Supp. 3d 82 (D. Conn. 2014 ....................................................................... 7

*Higbee v. Expungement Assistance Servs.*,
   214 Cal. App. 4th 544, 547 (2013) ...................................................................... 3

*Johnson v. Pluralsight, LLC*,
   236 F. Supp. 3d 1176 (E.D. Cal. 2017) ............................................................... 8

*King v. Conde Nast Publications*,
   554 F. App'x 545, 547 (9th Cir. 2014) ............................................................ 4, 5

*Kissel v. Code 42 Software, Inc.*,
   2016 WL 7647691 (C.D. Cal. Apr. 14, 2016) ................................................. 3, 6

*Kissel v. Omega Natural Science, Inc.*,
   2016 WL 9019613 (C.D. Cal. Aug. 22, 2016) .................................................... 2

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310, 322-23 (2011) ........................................................................... 3

*Lazar v. Hertz Corp.*,
   69 Cal. App. 4th 1494 (1999) ............................................................................ 10

*Leader v. Cords*,
   182 Cal. App. 4th 1588, 1598 (2010) .................................................................. 6

*Lu v. Hawaiian Gardens Casino, Inc.*, ..................................................................... 5
   50 Cal. 4th 592, 596 (2010)

*Meza v. Verizon Commc'ns, Inc.*, 2016
   WL 4721475, at *3 (E.D. Cal. Sept. 9, 2016) ..................................................... 5

*Miller v. Hearst Commc'ns Inc.*,
   554 F. App'x 657, 658 (9th Cir. 2014) ................................................................. 5

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ......................................................................................... 2

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................... 2, 10

Cal. Bus. & Prof. Code § 17535 ................................................................................. 6

Cal. Bus. & Prof. Code § 17600 ................................................................................. 1

Cal. Bus. & Prof. Code § 17602 ................................................................................. 5

Cal. Bus. & Prof. Code § 17604 ........................................................................... 5, 10

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's lengthy citations to inapposite and/or non-binding authority in his Opposition does not alter the inevitable conclusion that Plaintiff's Complaint must be dismissed with prejudice for three independent reasons. **First**, Plaintiff lacks standing to sue under any of his claims for relief because: a) Plaintiff cannot satisfy Article III's injury-in-fact requirement; and b) Plaintiff has not suffered an economic injury because of Defendant's allegedly wrongful conduct. **Second**, Plaintiff's first, second, and third causes of action under California's Automatic Renewal Law (Cal. Bus. & Prof. Code §§ 17600 *et seq.*) ("ARL") must additionally be dismissed as a matter of law because: a) there is no independent cause of action under the ARL; b) Defendant complies with all of ARL's requirements in any event, as demonstrated by the face of the Complaint; and c) at minimum, Defendant is exempted from liability under the "good faith" safe harbor of the ARL. **Third**, Plaintiff's remaining claim under California Unfair Competition Law, Bus. & Prof. Code § 17200 ("UCL") is also subject to dismissal because—beyond the lack of standing and causation—Plaintiff cannot satisfy any of the three prongs under which a UCL action can be brought: a) Plaintiff admits that he is not pursuing a UCL fraud theory; b) the UCL's unlawful and unfair prongs fail because Defendant did not violate any of the ARL's requirements; and c) liability is barred under the ARL's "good faith" provision in any event.

Even if Plaintiff were somehow able to amend his Complaint to allege standing or concrete injury (which he cannot), and whether the ARL is a separate cause of action (which it is not) or must be brought under the UCL, Plaintiff cannot escape the fact that—*based on Plaintiff's own allegations*—Defendant complied with both the letter and the spirit of the ARL. The primary purpose of the ARL is to enable consumers to understand any recurring commitment they make. Plaintiff does not allege, nor can he allege, that he did not realize what he was signing up for or found it difficult or impossible to cancel. At bottom, Defendant made all the

1

required disclosures clearly and conspicuously, provided an acknowledgement that contained the cancellation policy, including a simple cancellation method ("To cancel, simply call 1-855-295-7325") *as well as the time period to cancel*, and obtained Plaintiff's consent before imposing any charges. Complaint, ¶ 18 and p. 6. There is no doubt that Plaintiff understood the reoccurring commitment that he was making and how and by when he could cancel that commitment: by calling the cancellation number provided to him by Defendant *within 18 days…or every 30 days thereafter. Id. See also* Request for Judicial Notice [D.E. 4-2] ("RJN"), Exh. A. Therefore, Plaintiff's Complaint must be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed For Lack of Standing

Whether the ARL is a stand-along cause of action (which it is not), Plaintiff must satisfy Article III's standing requirement. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (a technical violation of a statute, standing alone, is not an injury in fact); *Kissel v. Omega Natural Science, Inc.*, 2016 WL 9019613, at * 3-4 (C.D. Cal. Aug. 22, 2016) (dismissing ARL and UCL claims because of plaintiff's lack of standing under *Spokeo*)[1].

The UCL was amended in 2004 to "'prohibit private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact[.]'" *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006) (quoting Prop. 64, § 1, subd. (e) (2004)); *see also Law Offices of Mathew*

---

[1] Contrary to Plaintiff's assertion in his Opposition (at pp. 3-5), *Kissel* is not distinguishable and is directly and factually on point in that it involved disclosures under the ARL. And, even if Plaintiff were able to amend his standing allegations to allege concrete injury (like the plaintiff did in *Kissel* in amending her complaint), Plaintiff's Complaint still fails as a matter of law because Defendant has complied with all of the ARL's requirements, unlike the defendant in *Kissel* who purportedly failed to include *any* cancellation policy in its disclosures. (*See* Plaintiff's Request for Judicial Notice ("PRJN") [D.E. 8-1], Exh. 7 at pp. 5-6).

*Higbee v. Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 547 (2013) (UCL has been "crafted to preclude the shakedown lawsuit."). This restricts UCL claims to plaintiffs who can both satisfy the injury-in-fact requirement borrowed from Article III of the U.S. Constitution and demonstrate that they suffered an economic injury because of the defendant's allegedly wrongful conduct. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-23 (2011); Bus. & Prof. Code § 17204 (UCL may be brought only by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."). To make that showing, Plaintiff must allege a causal connection between the loss of money or property and Defendant's alleged wrongdoing. *Kwisket*, 51 Cal. 4th at 326. *See also Kissel v. Code 42 Software, Inc.*, 2016 WL 7647691, at * 7 (C.D. Cal. Apr. 14, 2016) (erroneously finding ARL confers a private right of action, but holding ARL claim must satisfy UCL's standing requirements).

The Complaint comes nowhere near satisfying these requirements. Instead, the Complaint alleges only that Plaintiff made payments to Defendant for subscription agreements (Complaint ¶ 50), and that Defendant's disclosures do not contain a "full description of the cancellation policy" because although they "reference[] cancellation and give[s] a phone number for cancellation," the disclosures "do[] not specify, as do terms set forth later in the website, that that number must be called at least one day prior to the date the subscriber's next monthly delivery ships." Complaint ¶ 18. *See also id.* ¶ 21.

To begin with, Defendant did in fact provide the "full" cancellation policy and the time period within which to cancel both pre and post transaction. As discussed below, prior to completing the transaction, Plaintiff affirmatively checked off a box indicating that he understands that he must cancel within 18 days or every 30 days thereafter, as reflected in Plaintiff's own Complaint (at p. 6). *See also* RJN [D.E. 4-2], Exh. A (receipt sent by Defendant post transaction identifying same). Further, Plaintiff acknowledges that this time specification,

3

needing to cancel at least one day before shipment, was also "set forth later in the website", so Plaintiff did have notice of it. Complaint ¶ 18.

Nevertheless, Plaintiff does not allege (1) that he was not aware at the time he subscribed that his subscription would renew automatically unless he cancelled it; (2) that he would not have subscribed or would not have maintained his subscription had Defendant provided the "full" cancellation policy (which Defendant did); (3) that he was billed for a product he did not want or did not use; (4) that he ever attempted to cancel the subscription within the disclosed time period or otherwise; or (5) that Plaintiff asked Defendant for a refund and that such request was denied by Defendant[2]. In short, even assuming Defendant's disclosure of its cancellation policy was inadequate (which it was not), Plaintiff cannot allege that such inadequate disclosure caused him any harm, or that he would have done anything differently regarding his subscription had Defendant's disclosure been different. As such, he has not properly alleged any injury in fact or economic injury caused by Defendant.

Instead, for the first time in his Opposition, Plaintiff claims that he has suffered "informational injury." However, this is not sufficient to establish injury in fact because California does not recognize informational injury under the UCL or ARL. *See, e.g., King v. Conde Nast Publications*, 554 F. App'x 545, 547 (9th Cir. 2014) (finding that plaintiffs failed to allege an injury in fact under the UCL because "California does not recognize informational injury"); *Miller v. Hearst Commc'ns Inc.*, 554 F. App'x 657, 658 (9th Cir. 2014) (same). Not surprisingly, Plaintiff does not cite a single case recognizing informational injury as a sufficient

---

[2] In fact, Plaintiff could have cancelled his subscription "at any time without penalty." RJN [D.E. 4-2], Exh. A. Even if Plaintiff used the full supply of the product, he could have returned the empty bottle for a full refund of the purchase price minus shipping and handling. *See* Ferrell Declaration in support of opposition to Motion for Sanctions [D.E. 9-13], Exh. 10 at p. 44.

"concrete injury" for standing purposes under the UCL or ARL (Opp. at p. 5). *See, e.g., Meza v. Verizon Commc'ns, Inc.*, 2016 WL 4721475, at *3 (E.D. Cal. Sept. 9, 2016) (finding that consumer alleged concrete informational injury under the Fair Credit Reporting Act ("FRCA) where the disclosure *did not satisfy the requirements of the FCRA*). Plaintiff must allege **some** allegation of an injury in fact and lost money or property caused by Defendant, and he has failed to do so.

Furthermore, even if California did recognize informational injury for ARL or UCL cases, Plaintiff has nevertheless failed to sufficiently allege such injury because Defendant's pre and post transaction disclosures did specify the time period within which Plaintiff had to cancel his subscription and provided the number to call. Defendant has therefore satisfied the ARL's primary purpose of enabling consumers to understand any recurring commitment they make. *See, King*, 554 F. App'x at 547 (any informational injury would have to relate to the primary purpose of the statute in any event).

### B. Plaintiffs' First, Second, and Third Causes of Action Under the ARL Must be Dismissed as a Matter of Law

#### 1. There is No Private Right of Action under the ARL

No independent, private right of action exists under a California statute unless the California Legislature has manifested an intent to create one, as revealed through the statutory language and legislative history. *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010). Both inquiries point to the same conclusion. The language of the ARL shows no intent to create a unique right of action. Nothing in the text of Bus. & Prof. Code § 17602, the operative provision of the ARL, suggests that a private party has a right under the statute itself to bring a claim to recover for those unlawful practices. Instead, the Legislature confined its discussion of remedies to Section 17604, which says only that "all available civil remedies that apply to a violation of this article may be employed." *Id.* at § 17604. This is a reference to existing civil remedies (i.e., the UCL and/or the FAL), rather

5
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS THE COMPLAINT
CASE NO. 3:17-cv-01888-MMA-KSC

than a provision designed to create a brand new private right of action. *See Fields v. Wise Media, LLC*, 2013 WL 3187414, at *5 (N.D. Cal. June 21, 2013).

Although Plaintiff spends the bulk of his Opposition (at pp. 5-14) arguing otherwise, all of his arguments fail. First, the "unconditional gift" statute, Bus. & Prof. Code § 17603, is not a liability provision at all, and certainly does not give consumers a right to bring unique civil claims against businesses. Section 17603 sets forth that "[i]n any case in which a business sends any goods, wares, merchandise, or products to a consumer," in violation of the ARL, then the consumer may use or dispose of the same in any manner he or she sees fit "without any obligation whatsoever" to pay for the goods, wares, merchandise or products. This provision merely restricts the remedies available to a seller seeking payment or other compensation for goods already delivered. Section 17603 bars a seller from bringing a claim against a consumer to obtain payment for goods that were sent under an automatic-renewal agreement that did not satisfy the statute. The provision deems such goods "an unconditional gift" and thus prevents the seller from demanding their return or payment for them. But it does not authorize a unique, affirmative claim by purchasers of such goods. Thus, Section 17603 affords consumers a shield against liability, not a sword they can wield to impose it. Therefore, whether the bill analysis of Senate Bill 340 pre-dated the amendment whereby the "unconditional gift" provision was added is of no import (*see* Opp., pp. 8-10 and PRJN [D.E. 8-1], Exhs. 1-6).

Second, the analysis in *Kissel v. Code 42 Software, Inc.*, 2016 WL 7647691 (C.D. Cal. Apr. 14, 2016), which is not binding on this Court in any event, is simply wrong. The *Kissel* Court, after noting that the legislature did not except Bus. & Prof. Code § 17535 (i.e., the "FAL") from the operation of the ARL, concluded that there is a <u>*private*</u> right to enforcement of the ARL. *Id.* at *6-7. The *Kissel* Court, however, missed a crucial distinction. Whether there is an *independent cause of action under the ARL* is a different question from whether

6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS THE COMPLAINT
CASE NO. 3:17-cv-01888-MMA-KSC

there is a *private right to enforce the ARL*. The *Kissel* Court found that since there was a *private right to enforcement*, there must also be an *independent right to enforcement*. This is simply not the case. The *Kissel* Court's own analysis points to a different conclusion. As detailed by the *Kissel* Court, what is clear from the ARL is that the Legislature envisioned that it would be enforced through a cause of action under the FAL or other "available civil remedies" (i.e., the UCL), and ***not through an independent cause of action for breach of the ARL.*** *Id.* at *6.

Third, *Leader v. Cords*, 182 Cal. App. 4th 1588, 1598 (2010), on which Plaintiff relies, explains that remedial statutes are to be liberally construed, and does not mention the ARL. Rather, it interprets a wholly inapplicable section of the California Probate Code. Moreover, the case has no bearing on the general law with respect to whether a California statute is intended to allow for a wholly separate and independent cause of action on its own. As such, Plaintiff's citation to this case should be disregarded.

Fourth, Plaintiff claims that the legislative history suggests that the ARL was enacted to provide a new cause of action because the Legislature felt the UCL was not adequate. Nothing could be further from the truth. The legislative history of the ARL confirms that the Legislature did not intend to create a new, independent civil cause of action. The Senate Judiciary Committee Bill Analysis discusses the "[r]emedies available under the bill," highlighting the statutory language stating that "all applicable civil remedies would be available." Senate Judiciary Committee, Bill Analysis of Sen. Bill No. 340 (2009-2010 Reg. Sess.) as amended Apr. 2, 2009, for hearing on Apr. 14, 2009, at 6 [Exhibit 3 to PRJN, D.E. 8-1]. The committee went on to discuss the various civil remedies available (i.e., the FAL and UCL). *Id.* at 7. The Legislature thus understood and intended that in enacting the ARL, it was not bringing into existence a new right of action, but instead that violations of the statute could be enforced through existing laws.

Fifth, *In re Trilegiant Corporation*, 11 F. Supp. 3d 82 (D. Conn. 2014,

1  "Trilegiant"), is also not binding precedent on this Court and, in any event, did not
2  decide the issue of whether there is an independent cause of action under the ARL.
3   Finally, Plaintiff relies on the above flawed arguments in claiming that the
4  authority cited by Defendant in its Motion to Dismiss is unpersuasive (Opp. at pp.
5  11-15). In doing so, Plaintiff fails to distinguish the authority cited by Defendant.
6   For each of these reasons, the Court should follow the weight of authority,
7  cited in Defendant's Motion to Dismiss, finding that "[n]o provision within [ARL]
8  either explicitly or implicitly supports any legislative intent to create a private
9  cause of action." *See, e.g., Johnson v. Pluralsight, LLC*, 236 F. Supp. 3d 1176,
10  1181 (E.D. Cal. 2017), *appeal docketed*, No. 17-15374 (9th Cir. 2017).

### 2. Defendant's Pre-Transaction and Post-Transaction Disclosures Comply with All of ARL's Requirements.

Even if Plaintiff did have standing (which he does not), and even if the ARL did authorize direct civil claims (which it does not), it is clear from the face of the Complaint that Defendant complies with the ARL. Defendant provided ***exactly*** the kind of disclosures required by the ARL.

With respect to the pre-transaction disclosures, Defendant discloses the terms of its automatic renewal program, including the full cancellation policy, in a clear and conspicuous manner before the subscription is fulfilled, and in visual proximity to the place where customers must consent to the offer. Defendant also obtains customers' affirmative consent to the automatic renewal program before charging the customers' credit card. The illustration on page 6 of the Complaint confirms such compliance.

Defendant also provides a post-sale acknowledgement of the automatic renewal program, including the full cancellation policy, in a manner than can be retained by the consumer. Defendant sends a series of emails to the customer following purchase, as well as an insert with the product itself containing the complete details, which the customers may retain as long as they wish. *See* RJN

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

[D.E. 4-2], Exh. A. Defendant provided customers with all the information required by the ARL, both through its website during the purchase process and through the physical receipts post transaction. The ARL requires nothing more.

Plaintiff's only argument in response is that the pre and post transaction disclosures do not identify by when Plaintiff must cancel his subscription (i.e., that Plaintiff must cancel "1 day" before the next monthly shipment). *See* Complaint ¶¶ 18, 19, and 21 *See also* Opp., pp. 15-22. However, this is patently false. Plaintiff intentionally and affirmatively checked a box prior to completing his transaction, indicating as follows: "I understand that unless I cancel *within 18 days*, I will be sent a one-month supply… *beginning 18 days* from now and *every 30 days after*." *Id.* So, there is no dispute that Plaintiff knew—prior to purchase—that he needed to cancel before the next shipment. *See also* Lopez Declaration in Support of Opposition to Motion for Sanctions [D.E. 9-1], ¶¶ 2-4 (indicating that Plaintiff entered into the transaction on May 15, 2017, and then was charged *18 days later*, and again *30 days later*). And, Plaintiff acknowledges that this time specification, needing to cancel at least one day before shipment, was also "set forth later in the website", so Plaintiff did have notice of it. Complaint ¶ 18. Furthermore, the post-transaction receipt Defendant sent to Plaintiff also provided the full cancellation policy, including the time period within which to cancel. RJN [D.E. 4-2], Exh. A ("cancel within 18 days…or every 30 days thereafter").

In any event, specific language as to the time period to cancel is not even required by the ARL. As expected, Plaintiff does not cite to any authority to the contrary. Moreover, it is common sense that Plaintiff would have to cancel his subscription at least one day before the next monthly shipment, especially when the pre and post transaction disclosures provided the precise time period within which Plaintiff must call to cancel, which corresponds to the monthly shipment.

        3.    <u>At Minimum, Defendant is Exempted From Liability Under the "Good Faith" Safe Harbor of the ARL</u>

1   Additionally, Defendant's extensive disclosures regarding the recurring nature of its subscription plan and the cancellation procedures applicable to that plan trigger the ARL's "good faith" provision, which protects Defendant from any "civil remedies." Bus. & Prof. Code § 17604(b). Defendant's extensive disclosures tell customers exactly how and when they will be billed for an order and how and by when they can cancel their subscriptions. This information is conspicuously presented in multiple places on Defendant's website and throughout the purchase process. Indeed, Plaintiff knew how to cancel his subscription and in fact did so not long after his subscription commenced. Through these detailed disclosures and acknowledgments, Defendant manifests its good faith in complying with the requirements of the ARL.

### C. Plaintiff Has Failed to State a Claim Under the UCL

Plaintiff's UCL claim separately fails because Plaintiff cannot satisfy any of the three prongs under which a UCL action can be brought. First, Plaintiff admits that he is not pursuing a UCL fraud theory. Opp. at pp. 22-24. Second, the UCL's unlawful and unfair prongs fail because Defendant did not violate any of the ARL's requirements, which is the basis of both claims. *See, e.g., Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) (dismissing UCL claim for failure to state a claim because defendant's conduct did not violate the underlying law). Because Defendant complies with the ARL, Plaintiff cannot sustain a UCL claim regarding that same alleged conduct. Finally, liability is barred under the ARL's "good faith" provision. Therefore, as a matter of law, Defendant "shall not be subject to civil remedies," including any claim under the UCL.

## III. CONCLUSION

Plaintiff's Complaint should be dismissed without leave to amend.

Dated: January 22, 2018

VENABLE LLP
Daniel S. Silverman
Bety Javidzad
Matthew M. Gurvitz

By: /s/ Daniel S. Silverman
    Daniel S. Silverman
Attorneys for Defendant
STAGES OF BEAUTY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I declare under penalty of perjury that the foregoing is true and correct.

By:     /s/ Daniel S. Silverman
               Daniel S. Silverman
               DSSilverman@Venable.com

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900